# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2014

Lyle W. Cayce
Clerk

No. 13-31159

DEREN SMITH

Plaintiff-Appellant

v.

BASIC MARINE SERVICES, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2270

Before DAVIS, ELROD, and COSTA, Circuit Judges..

PER CURIAM:*

Plaintiff-Appellant Deren Smith challenges the district court's order dismissing his Jones Act/General Maritime action against his employer, Basic Marine Services, Inc. on summary judgment. We affirm.

## I.

On June 8, 2011, Deren Smith ("Smith") was working for Appellee, Basic Marine Services, Inc. ("Basic") as a floor hand on a vessel drilling rig. He alleged that he injured his shoulder during an operation of pulling the pipe out

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31159

of the hole (called tripping the pipe). He attributes this injury to the negligence of Basic and the unseaworthiness of the vessel in three respects:

A.    When he pushed on a joint of pipe - suspended in the rig elevators after the pipe cleared the well hole - he claimed the joint of pipe was inordinately heavy and harder to move because more drilling mud than usual had stuck to the pipe;

B.    Another crew member (a derrick man) was not assisting in the operation at the time of his injury;

C.    He was rushed by his supervisor.

We agree with the district court that the summary judgment evidence does not create a genuine issue of material fact and that summary judgment was proper.

## II.

### A.

The summary judgment evidence reveals that in normal pipe-tripping operations the pipe coming out of the hole is surrounded by drilling mud, and that drilling mud will stick to the pipe when it is lifted out of the hole. That is a necessary part of the operation. The rig was equipped with rubber "strippers" that stripped the mud, or most of it, off the pipe as it cleared the hole. The evidence was uncontroverted that, on the date of the alleged accident, the strippers were in good condition and operating properly. The summary judgment evidence does not demonstrate that under these conditions the pipe would have been heavier or harder to push than expected. No contemporaneous complaints were made about any such condition that caused the pipe to be heavier or harder than usual to push. In fact, the alleged injury was not reported until 28 days later.

No question of fact is created by this claim.

2

No. 13-31159

B.

The summary judgment evidence does not establish that the two floor hands and driller performing this operation represented an inadequate crew. To the contrary, the evidence revealed that this is the usual number of workers who trip pipe. The derrick man has other duties related to this operation and may occasionally assist the floor hands but does not usually do so.

C.

The only evidence related to plaintiff's claim that he was "rushed" was that his supervisor told him to "finish the job today," but no evidence suggests that this was an unreasonable request or order.

CONCLUSION

We agree with the district court that no question of fact was presented tending to establish Basic's negligence or the unseaworthiness of the vessel.

For the reasons stated above and the reasons stated in the district court's careful August 7, 2013, Order and Reasons, the judgment is AFFIRMED.

AFFIRMED.